```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


VERSAI MANAGEMENT CORPORATION                  CIVIL ACTION
d/b/a VERSAILLES ARMS APARTMENTS

v.                                             NO. 06-4838

THE STANDARD FIRE INSURANCE COMPANY,           SECTION "F"
THE ST. PAUL TRAVELERS COMPANIES, INC.,
CLARENDON AMERICA INSURANCE COMPANY,
EMPLOYERS FIRE INSURANCE COMPANY, and
ONEBEACON INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is Standard's motion to dismiss and motion to quash jury trial demand. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

Background

Versai Management Corporation d/b/a Versailles Arms Apartments owns and operates a low income apartment complex in New Orleans East, consisting of 400 units divided into designations as Phase I and Phase II. Hurricane Katrina and its aftermath severely damaged the apartments and they were uninhabitable until repairs could be made. Standard Fire Insurance Company had provided flood insurance, underwritten by the National Flood Insurance Program, for the apartments. Lloyds of London issued a policy covering, among other things, business interruption. Employers Fire, OneBeacon, and Clarendon issued excess insurance policies (in excess over the Lloyd's policy).

By April 2006, Lloyds (the primary property insurance carrier) paid its policy limits of $2,500,000 and Versailles made demand upon its excess carriers, Clarendon, Employers Fire, and One Beacon.  To date, Versailles says, none of the excess carriers have paid the total amount of property damage and business interruption, which totals $12,200,000.

So far, Standard has paid approximately $3,200,000 for flood damage to the Phase I apartments.  Standard has not paid for the similarly damaged Phase II apartments.  Versailles contends that Standard and St. Paul owe in excess of $3,000,000 in unpaid but covered damages.

On August 25, 2006, Versailles sued Standard, Clarendon America Insurance Company, Employers Fire Insurance Company, and OneBeacon Insurance Company to recover its outstanding losses under its various insurance policies.  Three days later, Versailles amended its complaint and included a jury demand.

Standard now moves to dismiss counts II, III, and IV of the Versailles complaint and also moves to quash the jury demand.

I.

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), courts must accept the "plaintiff's factual allegations as true," and will not grant a motion to dismiss "unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co., 376 F.3d 399, 403 (5th Cir. 2004) (quoting Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quoting Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993)).

Standard contends that the Court should dismiss counts II, III, and IV of the plaintiff's complaint because those counts plead extra-contractual claims relating to Standard's handling of plaintiff's flood insurance claim and are expressly preempted by federal law (under the unambiguous language of the SFIP). Because the insured's state law claims for statutory penalties arise from the handling of a claim under an SFIP, Standard contends, the claims are expressly preempted. The Court agrees.

The Standard Flood Insurance Policy provides:

> IX. What Law Governs
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, and Federal common law.

Standard relies on Gallup v. Omaha Property and Casualty Ins. Co., 434 F.3d 341, 345 (5th Cir. 2005). The plaintiffs in Gallup had asserted several state law claims against their WYO carrier,

3

including breach of contract under Louisiana Civil Code article 1997 and bad faith adjustment under La. R.S. 22:1220.  The Fifth Circuit reversed the trial court's denial of the insurer's motion to dismiss plaintiffs' state law claims as preempted, holding that the state law claims were expressly preempted by the NFIA and related regulations.  Id. at 345 (citing Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005)).[1]

The plaintiff correctly notes that state law policy procurement claims against a WYO carrier that are not preempted and remain viable under the NFIA.  The Court agrees with the plaintiff's statement of the law.  But in Counts II, III, and IV of the amended complaint, Versailles alleges that Standard has engaged in bad faith claims handling and untimely adjustment and has denied coverage for damage to certain buildings.  These are not claims arising from Versailles procurement of the policy, but are state law claims concerning bad claims handling and adjustment.  Thus, the claims are preempted and must be dismissed.

II.

Federal Rule of Civil Procedure 39(a) provides that:

---

[1] Standard also correctly invokes Durkin v. State Farm Mut. Ins. Co., 3 F. Supp. 2d 724 (E.D. La. 1997) (Vance, J.), aff'd 141 F.3d 1163 (5th Cir. 1998) in support of its preemption argument.  In Durkin, Judge Vance granted summary judgment, finding that an insured's extra-contractual claims for penalties, attorneys' fees and punitive damages against a WYO carrier were preempted, reasoning and recognizing that the damages would be paid out of the government's pocket and the purpose of the NFIA was to keep insurance costs at a reasonable level.

> When a trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless...(2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

Standard also requests that the Court quash the plaintiff's jury demand because the plaintiff has no such right under the NFIP. Standard contends that, because federal funds are at stake, an insured has no right to a trial by jury in an action against its WYO flood insurance carrier regarding claims made for coverage under the insured's SFIP. The Court agrees.

A plaintiff is only entitled to a trial by jury relating to cases involving United States treasury funds when Congress has "affirmatively and unambiguously" granted such a right to the plaintiff by statute. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981). Section 4072 of the NFIA, which governs judicial review of actions involving the NFIP does not "affirmatively and unambiguously" grant a plaintiff bringing a claim under its SFIP the right to a trial by jury. See 42 U.S.C. § 4072; see also Kolner v. Director, Federal Emergency Management Agency, 547 F. Supp. 828, 830 (N.D. Ill. 1982) ("[i]nasmuch as Congress has not granted an entitlement to a jury trial under 42 U.S.C. § 4072,...the plaintiffs in this case have no such right"). The plaintiff seems to agree that it has no such right to the extent

5

the Court determines (has determined) that the plaintiffs' claims against Standard are preempted because the federal treasury will be impacted if the plaintiff recovers.

Versailles, however, contends that the Court should use its discretion to use an advisory jury for the claims against Standard. It contends that the proposed jury would be "confused" if it had to decide liability as to some defendants and not others.

Federal Rule of Civil Procedure 39(c) vests the Court with discretion

> to try any issue with an advisory jury or, except in actions against the United States when a statute of the United States provides for trial without a jury, the court, with consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

An advisory jury is an optional aid.  In Hamm v. Nasatka Barriers, Inc., Judge Friedman of the District Court for the District of Columbia determined that the court had the discretion to make use of an advisory jury even though the Federal Tort Claims Act provides that claims against the government shall be tried by a court without a jury, and that use of an advisory jury in the case would be helpful and appropriate.  166 F.R.D. 1, 3 (D. D.C. 1996). Judge Friedman determined that the same jury would already be hearing the claims against the other defendants and that it may be confusing to instruct the jury to ignore some pieces of evidence. Id.  He also found that an advisory verdict would lessen the

chances of an excessive damages award against the nongovernmental defendants as might happen if the jury were precluded from considering the government's liability.  Id.

Standard contends that the plaintiff has no right to an advisory jury and that Hamm is distinguishable because it involved the FTCA and not the NFIA.  The Court finds the reasoning in Hamm sound and analogous and, in any event, the decision to use an advisory jury is discretionary.

Accordingly, Standard's motion to dismiss is hereby GRANTED. Counts II, III, and IV of the plaintiffs' amended complaint are hereby dismissed.  Standard's motion to quash the plaintiffs' jury demand is DENIED insofar as the Court will consider the use of an advisory jury on the claims against Standard.

New Orleans, Louisiana, January 22, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE